IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


AARON MICHAEL BROCK,

 Plaintiff,

v.                CASE NO.  5:13-cv-196-RS-EMT

G4S/WACKENHUT and
ICA,

 Defendants.
_____/

## ORDER

Before me are Defendant Infrastructure Corporation of America, Inc.'s ("ICA") Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 56) and Plaintiff's Objection to Defendant ICA's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 64).

## Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).

The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need detailed factual allegations." *Bell Atlantic Corp.*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of action is insufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557.

Unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a district court should grant a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of

Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678-79.

## Background

In considering a motion to dismiss, I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Plaintiff has filed a three count complaint against Defendants for retaliation pursuant to 42 U.S. C. § 12203, negligence, and intentional infliction of emotional distress.  Doc. 27.  In support of Plaintiff's claims, Plaintiff alleges that in 2012, he was employed as a security officer with G4S who contracts to provide security services for ICA. *Id*.  During that same year, Plaintiff "participated in the investigation and administrative litigation of employment discrimination charges filed by another G4S employee, Keith Galloway." *Id.*  During the administrative hearing, Keith Galloway and "several other employees of G4S testified under oath about the hostile and aggressive actions of the ICA employee, Mr. Rick Russo." *Id.* Plaintiff participated by giving information to Keith Galloway's counsel to use during the administrative hearing. *Id.* Management from both companies testified

under oath that they condoned the actions of Mr. Russo. *Id.* Subsequently, Mr. Galloway received a favorable ruling by EEOC/FCHR. *Id.*

Plaintiff also alleges that in 2012 he was "harassed, threatened, stalked, and otherwise mistreated by an employee of ICA," the same Mr. Russo. *Id.* For instance, on July 2, 2012, "Mr. Russo yelled, drove his vehicle" at Plaintiff "in a threatening manner, cursed him, and assaulted him[.]" *Id.* Plaintiff claims that although "he complained repeatedly" to the management of G4S and ICA, neither company did "anything to stop the activities of" Mr. Russo. *Id.* Instead, Plaintiff concludes both G4S and ICA "ratified the employee's behavior." *Id.* Consequently, Plaintiff was "forced to leave" once the work environment got too bad. *Id.*

Mr. Russo, an employee of ICA, is an ex-offender who previously served prison time. *Id.* In addition to Mr. Galloway's discrimination charge, Mr. Russo was involved in at least one other discrimination charge. *Id.* Even though Plaintiff filed a complaint with the sheriff against Mr. Russo, Defendants knew of Mr. Russo's unlawful actions and past criminal history, and Defendants were notified of Mr. Russo's conduct towards Plaintiff, Defendants did not terminate Mr. Russo's employment until after Plaintiff left. *Id.*

## Analysis

### Count I: Retaliation Claim

In Count I, Plaintiff alleges G4S and ICA retaliated against him in violation of the Americans with Disabilities Act, 42 USC § 12203. Doc. 27. Defendant ICA argues that Plaintiff has failed to file suit against it in the time period specified in the EEOC Right to Sue Notice. Doc. 57. Thus, according to Defendant ICA, Count I of Plaintiff's complaint as to Defendant ICA should be dismissed with prejudice. *Id.* "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination action is the administrative charge and investigation." *Minix v. Jeld-Wen, Inc.,* 237 F. App'x 578, 587 (11th Cir. 2007).

According to the Eleventh Circuit, to assert a claim under the ADA, a plaintiff must comply with the same procedural requirements to sue as exists under Title VII of the Civil Rights Act of 1964. *Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1339 (11th Cir. 1999). Under Title VII, the person claiming to be aggrieved has ninety (90) days after getting notice that the EEOC will not file suit or obtain a conciliation agreement to bring a civil action against the respondent named in the charge. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). If a plaintiff fails to file suit within the time period indicated on the EEOC notice, the cause of action is time-barred and a motion to dismiss is appropriate. *See id.*

The ICA EEOC Right-to-Sue Notice , which is dated February 28, 2013, mandates that Plaintiff's lawsuit "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on the charge will be lost."  Doc. 57-1.  Plaintiff did not file a cause of action against Defendant ICA until November 12, 2013, approximately 250 days after the EEOC Right-to-Sue Notice naming ICA.  Doc. 27.  Even if it is can be determined that Plaintiff did not receive notice, by no fault of his own, approximately on February 28, 2013, Plaintiff attached the ICA EEOC Right-to-Sue Notice to his first Complaint on May 28, 2013, but failed to name ICA as a Defendant.  Doc. 1-1; s*ee Zillyette.,* 179 F.3d 1337.  By the time Plaintiff named ICA as a Defendant, the 90-day period had lapsed for both the February 28, 2013, date and the May 28, 2013, date.  Accordingly, Count I of Plaintiff's Complaint is dismissed as time-barred.

### *Count II: Negligence*

In Count II, Plaintiff alleges G4S and ICA negligently hired, supervised, trained, and retained Mr. Russo despite Defendants' knowledge of Mr. Russo's unlawful conduct.  Doc. 27.  To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).  Plaintiff has alleged that "ICA and G4S owed [Plaintiff] a legal duty to hire,

supervise, train, or train competent employees." Doc. 27. This allegation includes not only Mr. Russo but also ICA's other employees. In his complaint, Plaintiff claims that he reported Mr. Russo's unlawful conduct to his supervisors and the management of ICA, but both companies failed to intervene, stop Mr. Russo's behavior, or protect Plaintiff. *Id.* Thus, Plaintiff has alleged sufficient facts to support a *prima facie* case for negligence.

### *Count III: Intentional Infliction of Emotional Distress*

In Count III, Plaintiff claims ICA and G4S are liable for the intentional infliction of emotional distress because they failed to stop Mr. Russo's allegedly harassing conduct. To be actionable, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro. Life Ins. Co. v. McCarson,* 467 So. 2d 277, 278-79 (Fla. 1985). Claims for intentional infliction of emotional distress are consistently dismissed in discrimination cases. Ayers v. Wal-Mart Stores, Inc., 941 F. Supp. 1163, 1168 (M.D. Fla. 1996).

By reciting that Defendants' "acted intentionally and recklessly" by failing to stop Mr. Russo's allegedly harassing conduct, "resulting in [Plaintiff] suffering emotional distress which was, is, and continues to be severe[,]" Plaintiff has merely plead conclusory statements and has failed to allege any facts to support an

inference that Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Metro. Life,* 467 So. 2d at 278-79.  Without alleging facts to support such conclusions, Plaintiff has failed to make a *prima facie* case that Defendant ICA is liable for intentional infliction of emotional distress.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009).

## Conclusion

Defendant ICA's Motion to Dismiss Second Amended Complaint (Doc. 56) is **GRANTED in part**.  The motion is denied as to Count II.  However, Counts I and III of Plaintiff's Amended Complaint are **dismissed with prejudice** as to Defendant ICA.

**ORDERED** on March 24, 2014.

/s/ Richard Smoak
RICHARD SMOAK
UNITED STATES DISTRICT JUDGE